K. CHIKE ODIWE, ESQ. (SBN 315109)
LAW OFFICES OF KENNETH C. ODIWE, PC
2880 Zanker Road Suite 203
San Jose, CA 95134
Telephone: (669) 315-4431
Facsimile: (669) 315-4431
kenneth@kennethodiwelaw.com

Attorney for Plaintiff
JULIUS DIXON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIUS DIXON, an individual,<br><br>          Plaintiff,<br><br>vs.<br><br>CITY OF SANTA CLARA, a public entity; FNU LOPEZ (Badge #4156), individually and in his official capacity as an officer of the Santa Clara Police Department; and DOES 1–25, inclusive, individually and in their official capacities as agents, officers, and employees of the Santa Clara Police Department,<br><br>          Defendants. | CASE NO.:<br><br>COMPLAINT FOR DAMAGES<br>(42 U.S.C. Section 1983 and pendent tort claims)<br><br>JURY TRIAL DEMANDED |

### INTRODUCTION

1. This civil rights action arises out of Santa Clara Police Department Officer Lopez's unconstitutional retaliation, excessive use of force, and deliberate denial of medical care against Plaintiff Julius Dixon, a law-abiding private security guard who posed no threat to officer safety. On June 22, 2025, Mr. Dixon was lawfully working at Levi's Stadium in Santa Clara, California, during the second night of Metallica's M72 World Tour, when he exercised his First Amendment right to speak up in defense of a visibly pregnant coworker who was being subjected to aggressive treatment

Complaint - 1

near a stadium entrance. Mr. Dixon engaged only in calm, verbal advocacy and did not interfere with any lawful police activity.

2. Shortly after Mr. Dixon engaged in this protected speech, Defendant Lopez approached him and, without warning, legal justification, or provocation, violently took him to the ground. At the time Defendant Lopez used force, Mr. Dixon was unarmed, compliant, and posed no threat to officer or public safety. Defendant Lopez's actions were punitive and retaliatory in nature, intended to punish Mr. Dixon for speaking out, and constituted an objectively unreasonable use of force in violation of the Fourth Amendment to the United States Constitution. After injuring Mr. Dixon, Defendant Lopez further violated his constitutional rights by refusing to provide or summon medical care despite Mr. Dixon's clear need and repeated requests. Plaintiff brings this action pursuant to 42 U.S.C. § 1983 to hold Defendant Lopez and other responsible officers accountable for their unlawful conduct under color of state law.

3. This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the excessive and unreasonable force used against Mr. Dixon.

## JURISDICTION

4. This action arises under Title 42 of the United States Code, § 1983. Title 28 of the United States Code, §§ 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in the City of Santa Clara, County of Santa Clara, California, which is within the judicial district of this Court. This Court also has supplemental jurisdiction over Plaintiff's state law causes of action under 28 U.S.C. § 1367.

5. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants are believed to reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

## PARTIES

6. Plaintiff JULIUS DIXON (hereinafter "Plaintiff"), has been and is a resident of the state of California and is a United States Citizen.

7. Defendant CITY OF SANTA CLARA (hereinafter "City") is an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant City has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the Santa Clara Police Department and its tactics, methods, practices, customs, and usage. At all relevant times, Defendant City was the employer of DOES Defendants, individually and as a peace officers.

8. Defendant FNU LOPEZ (Badge #4156) (hereinafter "Defendant Lopez") is sued individually and in his official capacity as an officer of the Santa Clara Police Department.

9. Plaintiff is ignorant of the true names and capacities of those Defendants named herein as DOES 1 through 25, inclusive. Plaintiff will amend this Complaint to allege said Defendants true names and capacities when that information becomes known to Plaintiff. Plaintiff is informed and believes, and thereon alleges that DOES 1 through 25, inclusive, are legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and that each of said Defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, or willful misconduct, including the negligent, careless, deliberately indifferent, intentional, willful misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged. Plaintiff will seek to amend this Complaint to set forth said true names and identities of DOES 1 through 25, inclusive, when they have been ascertained.

## ADMINISTRATIVE PREREQUISITES

10. Plaintiff is required to comply with an administrative tort claim requirement under California law. Plaintiff filed a claim against the City of Santa Clara on October 14, 2025. Plaintiff has exhausted all administrative remedies pursuant to California Government Code Section 910.

## PRELIMINARY ALLEGATIONS

11. The City of Santa Clara is a public entity and is being sued under Title 42 U.S.C. § 1983 for violations of the First and Fourth Amendments of the United States Constitution, California state law, the California Tort Claims Act, and the Government Code for the acts and omissions of

Defendants DOES 1 through 25, and each of them, who at the time they caused Plaintiff's injuries, damages were duly appointed, qualified and acting officers, employees, and/or agents of City and acting within the course and scope of their employment and/or agency.

12. Each of the Defendants caused and is responsible for the unlawful conduct and resulting harm by, inter alia, personally participating in the conduct, or acting jointly and in concert with others who did so, by authorizing, acquiescing, condoning, acting, omitting or failing to take action to prevent the unlawful conduct, by promulgating or failing to promulgate policies and procedures pursuant to which the unlawful conduct occurred, by failing and refusing to initiate and maintain proper and adequate policies, procedures and protocols, and by ratifying and condoning the unlawful conduct performed by agents and officers, deputies, medical providers and employees under their direction and control.

13. Whenever and wherever reference is made in this Complaint to any act by Defendants DOES 1 through 25, such allegations and references shall also be deemed to mean the acts and failures to act of each DOE Defendant individually, jointly, or severally.

## **GENERAL ALLEGATIONS**

14. On June 22, 2025, Plaintiff Julius Dixon was working as a private security guard for Allied Universal at Levi's Stadium in Santa Clara, California, during the second night of Metallica's M72 World Tour. Mr. Dixon was assigned to security duties near one of the stadium entrances and was performing his job in a professional and non-confrontational manner.

15. At or around the same time, Mr. Dixon observed a visibly pregnant female coworker being subjected to aggressive and inappropriate treatment near the entrance area. Concerned for her safety and well-being, Mr. Dixon calmly and verbally spoke up on her behalf, advocating that she be treated respectfully and without intimidation. Mr. Dixon's speech was limited to verbal expression, was non-threatening, and addressed a matter of immediate concern involving workplace safety and the treatment of a pregnant employee.

16. Shortly after Mr. Dixon spoke in defense of his coworker, Defendant Lopez, a Santa Clara Police Department officer, approached Mr. Dixon and initiated an aggressive confrontation.

Defendant Lopez did not provide a lawful explanation for the contact and did not issue clear or reasonable commands before escalating the encounter.

17. Defendant Lopez, without legal justification or provocation, forcefully seized Mr. Dixon and violently took him to the ground. At the time Defendant Lopez used force, Mr. Dixon was unarmed, compliant, and posed no threat to officer safety or public order. Mr. Dixon did not attempt to flee, resist, or interfere with any lawful police activity.

18. Other Santa Clara Police Department officers acted in concert with Defendant Lopez and assisted in restraining Mr. Dixon after Defendant Lopez initiated the takedown. The force used against Mr. Dixon was sudden, unnecessary, and grossly disproportionate to any legitimate law enforcement objective.

19. Defendant Lopez's use of force occurred immediately after, and in close temporal proximity to, Mr. Dixon's protected speech advocating for his pregnant coworker. Defendant Lopez's actions were intended to punish and deter Mr. Dixon for engaging in constitutionally protected speech.

20. As a direct result of Defendant Lopez violently taking him to the ground, Mr. Dixon sustained physical injuries that caused him significant pain and distress. Mr. Dixon exhibited visible signs of injury and repeatedly informed Defendant Lopez and the assisting officers that he was hurt and required medical attention.

21. Despite Mr. Dixon's obvious injuries and clear requests for care, Defendant Lopez refused to provide or summon medical assistance. Defendant Lopez ignored Mr. Dixon's complaints of pain and failed to take reasonable steps to ensure his medical safety, even though medical personnel were readily available at the stadium.

22. Defendant Lopez's deliberate refusal to obtain medical care prolonged Mr. Dixon's suffering and exacerbated his injuries. At all relevant times, Defendant Lopez had the authority, opportunity, and means to secure medical evaluation and treatment but chose not to do so.

23. As a result of Defendant Lopez's actions, and the actions of officers acting in concert with him, Mr. Dixon suffered physical injury, emotional distress, humiliation, and professional harm.

Defendant Lopez acted under color of state law and within the course and scope of his employment with the Santa Clara Police Department at all times relevant to this incident.

24. As a result of the incident, Plaintiff suffered life threatening dog bite wounds to his left arm. Plaintiff also suffered extreme psychological distress and injury as a result of this ordeal. Plaintiff suffered and still suffers symptoms including but not limited to fear, trauma, anxiety, stress, depression, humiliation, and emotional distress as a result of the incident.

25. During the incident, the Officers worked together as a group to back each other up, provide tacit approval for the incident, and support, assist, and encourage one another's actions.

26. Each of the Officers failed to intervene or prevent harm when his or her colleagues were depriving Plaintiff of his constitutional rights as stated in this Complaint.

27. By failing to intervene, each of the Officers additionally violated Plaintiff's constitutional rights.

28. The actions and omissions of City, Lopez and the DOE Defendant Santa Clara Police Department Officers were objectively unreasonable under the circumstances, without legal justification or other legal right, done under color of law, within the course and scope of their employment as law enforcement officers and/or public officials, and pursuant to unconstitutional customs, policies and procedures of City and/or other jurisdictions.

29. Plaintiff is informed and believes and thereon alleges that members of the Martinez Police Department, including, but not limited to Lopez and DOES 1 through 25 and/or each of them, have individually and/or while acting in concert with one another, engaged in a repeated pattern and practice of using excessive, arbitrary, and/or unreasonable force against individuals, including, but not limited to Plaintiff.

30. At all material times, and alternatively, the actions and omissions of each Defendant were conscience-shocking, reckless, deliberately indifferent to Plaintiff's rights, negligent, and objectively unreasonable.

## DAMAGES

31. As a consequence of Defendants' violations of Plaintiff's federal civil rights under 42 U.S.C. §1983 and the First and Fourth Amendment, Plaintiff was physically, mentally, emotionally, and financially injured and damaged as a proximate result of Defendants' wrongful conduct.

32. Plaintiff found it necessary to engage the services of private counsel to vindicate his rights under the law. Plaintiff is therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that he is the prevailing parties in this action under 42 U.S.C. §§ 1983 and 1988. Plaintiff is also entitled to punitive damages under 42 U.S.C. §§ 1983 and 1988.

### FIRST CAUSE OF ACTION
### (42 U.S.C. Section 1983)
### (Violation of the Fourth Amendment of the United States Constitution-Excessive Force)
### (Against Defendants Lopez and DOES 1-25)

33. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 32 of this Complaint.

34. 42 U.S.C. § 1983 provides in part "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit at equity, or other proper proceeding for redress."

35. Plaintiff had a firmly established right under the Fourth Amendment to be free from official infliction of physical abuse, assault, battery, and intentional infliction of emotional distress, unreasonable search and seizure, and to be free from excessive force being used against him.

36. Defendants' actions as described herein resulted in the deprivation of these constitutional rights.

37. Defendants, acting in the performance of their official duties, used excessive force against Plaintiff.

38. There was no need for the use of any force against Plaintiff because he was completely calm, cooperative, and unresisting at all times during the incident.

39. Defendants, acting under the color of statute, ordinances, regulations, customs, and usages of the State, knew that the use of force in these circumstances was illegal under clearly established law.

40. The conduct alleged herein caused Plaintiff to be deprived of his civil rights that are protected under the United States Constitution. The conduct alleged herein has also legally, proximately, foreseeably, and actually caused Plaintiff to suffer physical injury, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, and humiliation, and further damages according to proof at the time of trial.

41. The conduct alleged herein was done in willful, malicious, intentional, deliberate, or reckless disregard of Plaintiff's constitutionally protected rights, welfare, and safety.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION
### (42 U.S.C. Section 1983)
### (Violation of the First Amendment of the United States Constitution-Questioning Police Action)
### (Against Defendants Lopez and DOES 1-25)

42. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 41 of this Complaint.

43. At all times relevant herein, Plaintiff had a right to free speech and to protest police action as afforded and provided by the First Amendment and protected against retaliation by the same and 42 U.S.C. § 1983.

44. Upon information and belief, Defendants chose to use and/or used excessive force against Plaintiff in retaliation for Plaintiff's exercising of his right to protest police action, liberty and free movement.

45. The conduct of Defendants was willful, wanton, malicious, and with reckless disregard for the rights and safety of Plaintiff.

46. As a result of their misconduct, Defendants are liable for Plaintiff's physical, mental, and emotional injuries, either because they were integral participants in the excessive force, or because they failed to intervene to prevent these violations.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**THIRD CAUSE OF ACTION**
**(42 U.S.C. Section 1983)**
**(Violation of the Fourth Amendment of the United States Constitution-Denial of Medical Care)**
**(Against Defendants Lopez and DOES 1-25)**

47. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 46 of this Complaint.

48. Despite repeatedly requesting medical treatment and care due to the injuries Plaintiff sustained as a result of the excessive force employed by Defendants, Defendants refused to timely summon medical care for Plaintiff thereby implicitly insisting that Plaintiff cruelly continue to suffer mental, physical and emotional pain.

49. The denial of medical care by Defendants deprived Plaintiff of his right to be secure in his person against unreasonable searches and seizures and to receive medical care as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

50. As a result of the foregoing, Plaintiff suffered and continues to suffer great physical pain and emotional distress, including loss of full function and/or use of his arms, and loss of wages and earning capacity.

51. Defendants knew that failure to provide timely medical treatment to Plaintiff could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing Plaintiff great bodily harm.

52. The conduct of Defendants was willful, wanton, malicious, and with reckless disregard for the rights and safety of Plaintiff.

53. As a result of their misconduct, Defendants are liable for Plaintiff's physical, mental, and emotional injuries, either because they were integral participants in the excessive force, or because they failed to intervene to prevent these violations.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**FOURTH CAUSE OF ACTION**
**(Violation of California Civil Code §52.1)**
**(Against Defendants City, Lopez, and DOES 1-25)**

54. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 55 of this Complaint.

55. Defendants' above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with Plaintiff's peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code §52.1.

56. As a direct and proximate result of Defendant's violation of Civil Code § 52.1, Plaintiff suffered violations of his constitutional rights, and suffered damages as set forth herein.

57. Plaintiff is entitled to injunctive relief and an award of their reasonable attorney's fees pursuant to Civil Code § 52.1(h).

58. Plaintiff is entitled to treble damages, but in no case less than $4,000.00 and an award of his reasonable attorney's fees pursuant to Civil Code § 52(a).

59. Under the provisions of California Civil Code §52(b), Defendants are liable for punitive damages for each violation of Civil Code §52.1, reasonable attorney's fees and an additional $25,000.00.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**FIFTH CAUSE OF ACTION**
**(Battery)**
**(Against Defendants City, Lopez, and DOES 1-25)**

60. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 59 of this Complaint.

61. Defendants caused Plaintiff to be bit with the intent to harm him.

62. Plaintiff did not consent to the touching and was harmed by it.

63. Defendants' conduct caused Plaintiff to suffer physical injury, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, and humiliation, and further damages according to proof at the time of trial.

64. The conduct alleged herein was done in willful, malicious, intentional, deliberate, or reckless disregard of Plaintiff's constitutionally protected rights, welfare, and safety.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**SIXTH CAUSE OF ACTION**
**(Intentional Infliction of Emotional Distress)**
**(Against Defendants City, Lopez, and DOES 1-25)**

65. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 66 of this Complaint.

66. Defendants' conduct as described herein was outrageous.

67. Defendants intended to cause Plaintiff emotional distress.

68. Defendants acted with reckless disregard of the probability that Plaintiff would suffer emotional distress.

69. Defendants' conduct as described herein was a substantial factor in causing Plaintiff's severe emotional distress.

70. Defendants' conduct caused Plaintiff to suffer physical injury, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, and humiliation, and further damages according to proof at the time of trial.

71. The conduct alleged herein was done in willful, malicious, intentional, deliberate, or reckless disregard of Plaintiff's constitutionally protected rights, welfare, and safety.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**SEVENTH CAUSE OF ACTION**
**(Negligence)**
**(Against Defendants City, Lopez, and DOES 1-25)**

72. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 71 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

73. The present action is brought pursuant to section 820 and 815.2 of the California Government Code. Pursuant to section 820 of the California Government Code, as public employees,

DOES 1-25 are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, Defendants DOES 1-25 were acting within the course and scope of their employment and/or agency with Defendant City. As such Defendant City is liable in respondeat superior for the injuries caused by the acts and omissions of Defendants DOES 1-25 pursuant to section 815.2 of the California Government Code.

74. Defendants acted negligently in their use of force against Plaintiff and in their conduct committed against Plaintiff.

75. Plaintiff was harmed and Defendants' negligence was a substantial factor in causing his harm.

76. Defendants' conduct caused Plaintiff to suffer physical injury, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, and humiliation.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

77. Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiff prays for relief, as follows:

1. For general damages in a sum according to proof;
2. For special damages in a sum according to proof;
3. For punitive damages in a sum according to proof as to Defendants Lopez and Does 1-25;
4. For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;
5. For any and all statutory damages allowed by law;
6. For cost of suit herein incurred; and

//

7. For such other and further relief as the Court deems just and proper.

**Law Offices of Kenneth C. Odiwe, PC**

Dated: January 7, 2026         /s/ *K. Chike Odiwe*
                              K. Chike Odiwe
                              Attorney for Plaintiff